■ In the Matter of the Claim of DAVID MARTIN, Respondent, v NEW YORK TELEPHONE et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [848 NYS2d 730]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed July 29, 2006, which directed that the award of workers' compensation benefits be paid by the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant injured his left knee in 1987 for which he received workers' compensation benefits and was found to have suffered a 15% schedule loss of use. Claimant reinjured the knee in 1995, filed a second workers' compensation claim and again was awarded benefits.

In August 1998, claimant and his employer entered into a Workers' Compensation Law § 32 settlement agreement wherein claimant relinquished all claims for benefits for the two injuries in exchange for $45,000, and the employer agreed to remain responsible for all causally related medical treatment. That agreement was approved by the Workers' Compensation Board in September 1998.

In February 2004, claimant was found to have a severe degenerative condition in his right knee that, in turn, was at-

tributable to his left knee problems over the years. As a consequence, claimant filed a claim alleging a consequential right knee injury. In March 2005, a Workers' Compensation Law Judge found no Workers' Compensation Law § 25-a liability. Upon the employer's application for Board review, the Board found Workers' Compensation Law § 25-a to be applicable inasmuch as seven years had elapsed from the date of injury and three years had elapsed from the date of the $45,000 payments, thus shifting liability from the employer to the Special Fund for Reopened Cases. The Special Fund now appeals.

Initially, we note that contrary to the Special Fund's various assertions, its liability is statutory and is triggered, as a matter of law, upon the passage of time as provided in the statute (see Matter of Casey v Hinkle Iron Works, 299 NY 382, 385-386 [1949]).* Moreover, with regard to the Special Fund's assertion that the employer should remain liable for medical expenses based upon the settlement agreement's express terms to that effect, we need note only that the employer is statutorily obligated to remain liable for such expenses absent Workers' Compensation Law § 25-a liability (see Workers' Compensation Law § 13; Matter of Bates v Finger Lakes Truck Rental, 41 AD3d 957, 959-960 [2007]). We have considered the Special Fund's remaining contentions and find them equally without merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* With regard to the contention of the Special Fund that the case was reopened earlier than the three years required by Workers' Compensation Law § 25-a (7), we need note only that this argument was not raised before the Board or the Workers' Compensation Law Judge and is, thus, unpreserved for our review (see e.g. Matter of Huang Sheng Ku v Dana Alexander, Inc., 12 AD3d 988, 989 [2004]). Accordingly, this matter is distinguishable from this Court's decision in Matter of Robinson v Holiday Showcase (46 AD3d 1178 [2007] [decided herewith]).