■ In the Matter of the Claim of BEVERLY R. ROBINSON, Claimant, v HOLIDAY SHOWCASE RESTAURANTS, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [848 NYS2d 728]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed August 8, 2006, which, among other things, determined that Workers' Compensation Law § 25-a is inapplicable.

In July 1995, claimant sustained injuries to her left knee during the course of her employment. She filed a claim for workers' compensation benefits, which was later amended to include reflex sympathetic dystrophy (hereinafter RSD). Claimant's average weekly wage was set at $188.41 and awards were made from the accident date and to continue. A May 7, 1999 decision awarded $83.74 per week of reduced earnings, with a direction that payments continue at tentative rate of this same amount. However, in October 2002, pursuant to Workers' Compensation Law § 32, indemnity was settled with a lump-sum payment of $27,000, less counsel fees, and the case was closed. In exchange for the settlement, claimant agreed to waive her right to future indemnity benefits; however, the employer's workers' compensation carrier remained liable for causally related medical treat-

ment.* The entire settlement amount was paid by the carrier on October 15, 2002.

Subsequently, on October 19, 2005, the carrier filed a request seeking to shift its remaining medical liability for the claim to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Board found that section 25-a did not apply, resulting in this appeal by the employer and its carrier (hereinafter collectively referred to as the carrier).

Under Workers' Compensation Law § 25-a (1), "when an application for compensation is made by an employee . . . and the employer has secured the payment of compensation . . . after a lapse of seven years from the date of the injury . . . and also a lapse of three years from the date of the last payment of compensation . . . if an award is made it shall be against the [S]pecial [F]und." It is undisputed herein that the seven-year period from the date of claimant's injury has lapsed; therefore, the only relevant inquiry is whether there has been "a lapse of three years from the date of the last payment of compensation" (Workers' Compensation Law § 25-a [1]).

Notably, where a case is resolved by lump-sum settlement, Workers' Compensation Law § 25-a (7) provides that "the date of last payment [of compensation] shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved." Here, the Board, applying that statute, as it has in other Workers' Compensation Law § 32 cases (see e.g. Lincoln Moving & Storage, 2005 WL 2866419, *2, 2005 NY Wrk Comp LEXIS 9329, *4-5 [2005]; Chicago Pneumatic Tool, 2005 WL 2376984, *2, 2005 NY Wrk Comp LEXIS 8403, *6-7 [2005]), calculated the date of last payment and determined that the lump-sum settlement equated to "approximately 323 weeks of compensation benefits . . . payable until approximately December 31, 2008."

Although the carrier contends that the Board's reliance on Workers' Compensation Law § 25-a (7) in undertaking a future allocation of the lump-sum settlement was misplaced, we are not persuaded. The carrier's assertion that the statute only applies to nonschedule adjustment settlements pursuant to Workers' Compensation Law § 15 is not supported by the language of Workers' Compensation Law § 25-a (7), which specifically states

---

* Claimant's case was later reopened and a hearing was held in April 2004 to consider the issue of whether certain medications prescribed to her in 2003 were causally related to her RSD. After a determination was made that the prescriptions were 50% causally related, the case was again closed.

that it applies to situations "where the case is disposed of by the payment of a lump sum." Furthermore, we do not find it dispositive that the Workers' Compensation Law § 32 agreement did not expressly provide for a future allocation of the payment. Under the circumstances, we find no basis to disturb the Board's conclusion that, inasmuch as three years had not lapsed from the date of last payment of compensation, liability on the claim did not shift to the Special Fund.

Mercure, Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.