■ In the Matter of the Claim of EDWARD M. PERSON JR., Appellant, v LI MAINTENANCE AD et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [886 NYS2d 512]—

McCarthy, J. Appeals (1) from a decision of the Workers' Compensation Board, filed September 24, 2007, which ruled that claimant did not sustain an accident in the course of his employment and denied his claim for workers' compensation benefits, and (2) from a decision of said Board, filed July 11, 2008, which denied claimant's application for reconsideration or full Board review.

Claimant applied for workers' compensation benefits on September 28, 2006, alleging that he sustained injuries as the result of a slip and fall accident at his work site on September 25, 2006. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had not established that a compensable accident had occurred and disallowed the claim. The Workers' Compensation Board affirmed the WCLJ's decision and claimant's request for full Board review or reconsideration was denied. Claimant now appeals.

We affirm. "[W]hether a compensable accident occurred is a

question of fact for the Board, and its determination will not be disturbed as long as it is supported by substantial evidence" (*Matter of Neville v Jaber*, 46 AD3d 1137, 1138 [2007]; *accord Matter of Fortunato v Opus III VII Corp.*, 56 AD3d 905, 906 [2008]). Here, claimant maintained that he was injured when he slipped and fell while walking down the ramp of a landscaping trailer. Claimant's supervisor and a coworker, however, testified that they were with claimant the day in question and they did not witness claimant fall and claimant did not inform them of his injury. Moreover, claimant admittedly worked the day of his alleged injury, as well as the following day, and he reported to work the second day after the alleged injury. Claimant's supervisor testified that he informed claimant that, due to a lack of work, he was not needed by the employer that day, and claimant informed him that he was leaving his employment. It was not until the following day, three days after the alleged fall and the day after he had left his employment, that claimant informed his employer of the injury and sought medical treatment. In light of the Board's "broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (*Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672 [2000]; *accord Matter of Gross v BJ's Wholesale Club*, 29 AD3d 1051, 1052 [2006]), we conclude that the Board's determination that claimant had failed to establish that a compensable accident had occurred was supported by substantial evidence (*see Matter of Fortunato v Opus III VII Corp.*, 56 AD3d at 906).

Claimant's remaining contentions, including that the WCLJ was biased against him (*see Matter of Knight v New York State & Local Employees' Retirement Sys.*, 266 AD2d 774, 776 [1999]), have been reviewed and found to be without merit.

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.