◼ In the Matter of the Claim of OTILIA CABALLERO, Appellant, v FABCO ENTERPRISES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 167]—

Malone Jr., J. Appeal from a decision of the Workers'

Compensation Board, filed March 30, 2009, which ruled that claimant did not sustain an accident in the course of her employment and denied her claim for workers' compensation benefits.

Claimant applied for workers' compensation benefits in February 2008, alleging that she sustained work-related back injuries in June 2007. Following a hearing, a workers' compensation law judge credited claimant's testimony that a compensable accident occurred and awarded workers' compensation benefits. Upon review, the Workers' Compensation Board reversed and disallowed the claim. Claimant appeals and we affirm.

Whether a compensable accident occurred presents a question of fact for the Board, and the resolution thereof will be upheld if supported by substantial evidence (*see Matter of Person v Li Maintenance Ad*, 66 AD3d 1063, 1063-1064 [2009], *lv denied* 14 NY3d 708 [2010]; *Matter of Neville v Jaber*, 46 AD3d 1137, 1138 [2007]). Claimant, a manager at a shoe store, testified that she was injured when she failed to navigate between a shoe display and a large box and she fell into the box. According to claimant, she missed one week of work as a result of her injury. While she asserted that other store employees became aware of her fall immediately after it occurred, two of those employees testified that they had no recollection of the event. Claimant also testified to calling an individual at the employer's office shortly after the alleged accident, but that individual denied receiving the call. Indeed, claimant's employment records indicate that she did not miss any work but, rather, worked for several days after the alleged accident, and the incident is not referred to in either her resignation letter to the employer or contemporaneous medical records. Inasmuch as the Board is vested with broad authority to resolve issues of credibility and draw reasonable inferences from record evidence, we conclude that its decision was supported by substantial evidence (*see Matter of Person v Li Maintenance Ad*, 66 AD3d at 1064; *Matter of Fortunato v Opus III VII Corp.*, 56 AD3d 905, 906 [2008]).

To the extent that claimant also questions whether she received the effective assistance of counsel, we need only "note that the right to the effective assistance of counsel does not extend to administrative proceedings, except in narrowly defined circumstances not involved here" (*Matter of Depew v Lancet Arch*, 292 AD2d 666, 667 [2002]).

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.