■ In the Matter of the Claim of STANLEY KLAMKA, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [922 NYS2d 653]—

---

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed December 9, 2009, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In July 2008, claimant submitted a claim for workers' compensation benefits alleging that he had injured his back on March 31, 2008 while lifting manhole covers during the course of his employment. The self-insured employer and its claims administrator (hereinafter collectively referred to as the employer) controverted the claim. Following several hearings and the deposition testimony of both claimant's treating physician and an independent medical examiner, a Workers' Compensation Law Judge credited claimant's testimony that he suffered a work-related injury to his back as the result of an accident on March 31, 2008. Upon review, insofar as is relevant to this appeal, the Workers' Compensation Board found that claimant suffered a work-related injury, but modified the date of accident to March 30, 2008. The employer now appeals.

We affirm. Whether a compensable accident occurred is a question of fact for the Board to resolve, and its determination will not be disturbed when supported by substantial evidence (*see Matter of Caballero v Fabco Enters.*, 77 AD3d 1028, 1029 [2010], *lv dismissed* 16 NY3d 780 [2011]; *Matter of Person v Li Maintenance Ad*, 66 AD3d 1063, 1063-1064 [2009], *lv denied* 14 NY3d 708 [2010]). Furthermore, the Board has broad authority to make credibility determinations and to draw reasonable inferences from record evidence (*see Matter of Kucuk v Hickey Freeman Co., Inc.*, 78 AD3d 1259, 1262 [2010]; *Matter of Caballero v Fabco Enters.*, 77 AD3d at 1029). Here, substantial evidence supports the Board's determination that claimant suffered a work-related injury in late March 2008. Claimant testified that he hurt his back while lifting manhole covers on the job, which led him to call in sick the following morning. That claim was corroborated by claimant's coworker, who testified that claimant informed him that he had injured his back while the two were working together. Additionally, the medical testimony indicated that claimant suffered a back injury in late March 2008, as claimant's treating physician testified that an MRI taken following the accident demonstrated a compression against claimant's thecal sac that was not present on a preaccident MRI and likely was the cause of claimant's increased pain and inability to work. Further, the physician's subjective assessment upon examination of claimant led him to change claimant's restriction level from moderate to marked after the accident.

We also find substantial evidence to support the Board's determination that claimant's accident took place on March 30, 2008. Although claimant and his witness both testified that the accident took place on March 31, 2008 and the employer's witness and employment records demonstrated that claimant was not at work on that date, the employer's records further show that claimant called and reported a work-related injury on March 31, 2008, leading to a reasonable inference that the injury was actually suffered on March 30, 2008. In any event, "the precise date of claimant's injury is not dispositive of any of the issues in this case" (*Matter of Conyers v Van Rensselaer Manor*, 80 AD3d 914, 915 n 1 [2011]).

The employer's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.