■ In the Matter of the Claim of MICHELLE CICCIARELLI, Respondent, v WESTCHESTER HEALTH CARE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [927 NYS2d 194]—

Peters, J.P.

Claimant was employed as a secretary in the employer's neonatal intensive care unit for approximately five years when she sustained an electrical shock while placing a tube into a pneumatic delivery system in March 2006. After a visit to the employer's emergency room, claimant continued to work for approximately a month, after which she ceased working due to dizziness, cognitive problems and numbness on the left side of her body. Thereafter, claimant applied for workers' compensation benefits and, after lengthy proceedings, a Workers' Compensation Law Judge established the injury and awarded

---

claimant benefits. Following its own hearing, the Workers' Compensation Board modified only to the extent that it held that continuing awards after June 2008 were at a tentative rate because there was some evidence that claimant had resumed employment. The employer's application for full Board review was subsequently denied, after which the employer and its third-party administrator appealed both determinations.*

We affirm. Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence (*see Matter of Klamka v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 1527, 1528 [2011]; *Matter of Caballero v Fabco Enters.*, 77 AD3d 1028, 1029 [2010], *lv dismissed* 16 NY3d 780 [2011]). Furthermore, the Board is vested with broad authority to determine issues of credibility and draw inferences from the evidence in the record (*see Matter of Caballero v Fabco Enters.*, 77 AD3d at 1029; *Matter of Person v Li Maintenance Ad*, 66 AD3d 1063, 1064 [2009], *lv denied* 14 NY3d 708 [2010]). Here, the Board credited claimant's testimony that, while placing a tube of blood into the employer's pneumatic system, she received a shock that caused her to temporarily lose consciousness. Notably, although the employer disputed the occurrence of the accident, it specifically declined to proffer testimony or affidavits from two of its employees who were listed as witnesses on the employee injury report, finding that there was "no purpose" in calling them. Thus, we find that substantial evidence supports the Board's determination with respect to the occurrence of the accident (*see Matter of Person v Li Maintenance Ad*, 66 AD3d at 1064).

Turning to whether it was established that the accident was the cause of claimant's injuries, her treating neurologist's reports and testimony consistently opined that she had numbness on her left side that resulted in a severe partial disability, and that these ailments were causally related to her March 2006 accident. Although the record contains reports and testimony from other neurologists whose findings contradicted that opinion, the resolution of conflicting medical opinions is exclusively within the province of the Board, and we therefore decline to disturb its determination (*see Matter of Cuffe v Supercuts*, 83 AD3d 1344, 1345 [2011], *lv denied* 17 NY3d 705 [2011]; *Matter of Mearns v Sunoco, Inc.*, 77 AD3d 1045, 1046 [2010]).

---

* Inasmuch as the employer has failed to address the denial of its application for full Board review, we deem the appeal therefrom to be abandoned (*see Matter of Witkowich v SUNY Alfred State Coll.*, 80 AD3d 1099, 1099 n [2011]).

We have examined the remaining contentions of the employer and its third-party administrator and find them to be without merit.

Spain, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the decisions are affirmed, with costs to claimant.

