[987 NYS2d 650]

In the Matter of the Claim of ANTHONY NICPON, Respondent, v ZELASKO CONSTRUCTION, INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, June 5, 2014

## APPEARANCES OF COUNSEL

*Steven M. Licht, Special Funds Conservation Committee*, Albany (*Jill B. Singer* of counsel), for appellant.

*Hamberger & Weiss*, Buffalo (*Renee E. Heitger* of counsel), for Zelasko Construction, Inc. and another, respondents.

## OPINION OF THE COURT

STEIN, J.

Claimant sustained an injury to his lower back in March 2003 and a workers' compensation claim was thereafter established for a temporary partial disability. In October 2005, claimant was classified with a permanent partial disability and the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) were directed to continue payments at a tentative reduced earnings rate of $125 per week. Thereafter, claimant sought to settle an outstanding third-party action arising out of the workplace accident for the sum of $240,000. Claimant and the employer entered into an agreement in December 2008—which was approved by the Workers' Compensation Board pursuant to Workers' Compensation Law § 32—whereby the employer consented to the settlement of the third-party action, waived its liens for both past benefits and future medical expenses, and agreed to cover future medical costs in exchange for claimant's waiver of future indemnity benefits. In addition, the agreement made all prior tentative rates permanent.

In December 2011, the employer filed a request for further action, seeking to transfer responsibility for claimant's future medical expenses to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Following a hearing, a Workers' Compensation Law Judge found that Workers' Compensation Law § 25-a did not apply and discharged the Special Fund. However, the Board reversed and found the Special Fund liable. The Special Fund now appeals and we reverse.

Pursuant to Workers' Compensation Law § 25-a, liability for a claim will be transferred to the Special Fund when an application is made to reopen a closed case after a lapse of seven years

from the date of the injury and three years from the date of the last payment of compensation (*see Matter of Thurston v Consolidated Edison Co. of N.Y., Inc.*, 115 AD3d 1143, 1144 [2014]; *Matter of Porter v New York State Elec. & Gas Corp.*, 113 AD3d 987, 988 [2014]). The issue here distills to when the last payment of compensation was made in light of the settlement agreement between claimant and the employer. We note that, inasmuch as the resolution of this question is a matter of statutory interpretation, the Board's decision is not entitled to deference (*see Matter of Rivera v North Cent. Bronx Hosp.*, 101 AD3d 1304, 1305 [2012]; *Matter of Krausa v Totales Debevoise Corp.*, 84 AD3d 1545, 1546 [2011]).

Pursuant to Workers' Compensation Law § 25-a (7), where a case is "disposed of by the payment of a lump sum," the date of the last payment of compensation is established by calculating the date to which the amount paid in the settlement would have extended had the award of indemnity benefits been made at the maximum compensation rate warranted on the date the lump-sum payment was approved (*see Matter of Robinson v Holiday Showcase Rests., Inc.*, 46 AD3d 1178, 1179 [2007]; *Employer: Cerebral Palsy Assoc. of NYS*, 2014 WL 1630539, *1, 2014 NY Wrk Comp LEXIS 2610, *1 [WCB No. 0055 0289, Apr. 21, 2014]). Here, the employer entered into an agreement with claimant on December 30, 2008 that permitted claimant to retain the proceeds of the third-party action in exchange for, among other things, his forebearance of future indemnity benefits. In our view, these proceeds constituted a lump-sum payment for purposes of the statute. Contrary to the employer's contention that the statute only applies where the employer itself makes a lump-sum payment to the claimant, we note that the plain language of the statute indicates that it applies "where the case is disposed of by the payment of a lump sum," without reference to the source of such payment (Workers' Compensation Law § 25-a [7]). Thus, because the settlement agreement effectively "disposed" of the employer's obligation to pay future indemnity benefits in exchange for claimant's retention of a lump-sum payment from the third-party action, application of the statute is appropriate to bar transfer of liability for future medical benefits to the Special Fund. However, inasmuch as the record before us is insufficient to enable us to calculate the date to which the amount paid in the settlement would extend—taking into account such factors as the employer's share of litigation costs and the amount of the liens that the employer

waived—the matter must be remitted to the Board for a calculation of the date of the last payment of compensation for purposes of Workers' Compensation Law § 25-a. The parties' remaining contentions have been rendered academic by this decision.

LAHTINEN, J.P., GARRY and ROSE, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.