*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015          520633
_____

In the Matter of the Claim of
    GLEN GUADAGNO,
                        Respondent,

        v

RIC STEEL ERECTORS et al.,
                        Appellants,
        and                                    MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

_____

        William O'Brien, State Insurance Fund, Endicott (Scott B. Anglehart of counsel), for appellants.

        Steven M. Licht, Special Funds Conservation Committee, Albany (Jill B. Singer of counsel), for Special Fund for Reopened Cases, respondent.

_____

Devine, J.

        Appeal from a decision of the Workers' Compensation Board, filed April 17, 2014, which ruled, among other things, that the State Insurance Fund was not entitled to the payment of interest from the Special Fund for Reopened Cases on certain payments for

claimant's medical expenses pursuant to Workers' Compensation Law § 25 (1) (f).

Claimant suffered a work-related injury in 1981 and established a claim for workers' compensation benefits. The State Insurance Fund (hereinafter SIF), the employer's workers' compensation carrier, made the last payment of compensation in 1989 and the case was closed. In 2001, SIF sought to transfer liability for the claim to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. In 2007, the Workers' Compensation Board found that Workers' Compensation Law § 25-a was applicable and transferred liability to the Special Fund as of October 23, 1999. The parties thereafter agreed that the Special Fund would pay a total of $680,581.92 in full satisfaction of SIF's reimbursement request, and the Special Fund remitted the final payment on October 22, 2010.

In December 2010, SIF requested that, pursuant to Workers' Compensation Law § 25 (1) (f), the Special Fund pay SIF interest in the amount of $315,651.14 on the reimbursed medical expenses. Following hearings, a Workers' Compensation Law Judge determined that, among other things, SIF was entitled to interest pursuant to Workers' Compensation Law § 25 (1) (f), but limited the amount to interest on a $4,069.32 award made in 2005 for medical and transportation expenses. Upon appeal, the Board disagreed and held that Workers' Compensation Law § 25 (1) (f) does not apply to the transfer of claims under Workers' Compensation Law § 25-a. Therefore, the Board determined that SIF is not entitled to the interest provided for in Workers' Compensation Law § 25 (1) (f), including the interest on the 2005 award for $4,069.32, and the Board retroactively modified prior decisions on this claim to remove all references to the statute. The employer and SIF now appeal.

We affirm. The issue presented to this Court is whether Workers' Compensation Law § 25 (1) (f) applies to medical expenses paid by an employer or its workers' compensation carrier during a time that the Special Fund is ultimately determined to be liable for the claim, but prior to the transfer of liability to the Special Fund by the Board pursuant to Workers' Compensation Law § 25-a. "Inasmuch as the issue before us is one of statutory interpretation for the courts, the Board's decision

is not entitled to deference" (<u>Matter of Krausa v Totales Debevoise Corp.</u>, 84 AD3d 1545, 1546 [2011] [citation omitted]; <u>see</u> <u>Matter of LaCroix v Syracuse Exec. Air Serv., Inc.</u>, 8 NY3d 348, 352-353 [2007]).  Nevertheless, we agree with the Board's interpretation that SIF is not entitled to interest pursuant to Workers' Compensation Law § 25 (1) (f).

Workers' Compensation Law § 25 (1) (f) states: "Whenever compensation is withheld solely because a controversy exists on the question of liability as between insurance carriers, surety companies, the special disability fund, the [Special Fund], or an employer, the [B]oard may direct that any carrier, surety company, the special disability fund, [or] the [Special Fund] shall immediately pay compensation and bills for medical care . . . pending determination of such issue.  Any such payment or payments shall not be deemed an admission against interest by the carrier, surety company, special disability fund or the [Special Fund].  After final determination, the parties shall make the necessary and proper reimbursement including the payment of simple interest at the rate established by [CPLR 5004] in conformity with such determination."  Here, SIF, as the employer's workers' compensation carrier, was obligated to pay claimant's medical expenses until liability for the claim was transferred to the Special Fund (<u>see</u> Workers' Compensation Law § 13; <u>Matter of Martin v New York Tel.</u>, 46 AD3d 1136, 1137 [2007]).  The Board, as such, did not direct SIF to pay claimant's medical expenses pending the transfer of liability pursuant to Workers' Compensation § 25-a, the sole criterion of which was whether the application to reopen was "made more than seven years from the date of injury and more than three years after the last payment of compensation" (<u>Matter of Thurston v Consolidated Edison Co. of N.Y., Inc.</u>, 115 AD3d 1143, 1144 [2014] [internal quotation marks and citations omitted]; <u>see</u> <u>Matter of Khomitch v Crotched Mtn. Community</u>, 120 AD3d 1459, 1461 [2014]).  In our view, the language of Workers' Compensation Law § 25 (1) (f) reflects that it was intended for controversies where the Board directs an entity to make certain payments on a claim pending the resolution of a dispute regarding liability, which could otherwise be deemed an admission of liability.  That situation does not exist here.  Accordingly, the interest provision included in Workers' Compensation Law § 25 (1) (f) is

inapplicable to transfers of liability under Workers'
Compensation Law § 25-a and the Board's decision is affirmed.

We have examined and are unpersuaded by the remaining
argument advanced by the employer and SIF.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur.

ENTER:

Robert D. Mayberger
Clerk of the Court