*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 28, 2016          520961
_____

In the Matter of GAVIN ELLIS,
                    Claimant,

        v

FRITO LAY INC. et al.,                    MEMORANDUM AND ORDER
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Morrison Mahoney LLP, New York City (Jacqulyn N. Simmons of counsel), New York City, for appellants.

        Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board, filed July 7, 2014, which ruled that claimant sustained a work-related injury and awarded him workers' compensation benefits.

        Claimant, a warehouse worker, was unloading a trailer by himself when he fell down some stairs and injured his back and neck.  He subsequently applied for workers' compensation benefits.  Following a hearing, a Workers' Compensation Law Judge found that claimant had sustained a work-related injury and awarded benefits.  The Workers' Compensation Board affirmed that

decision, and this appeal ensued.

We affirm.  Initially, although there is a presumption that an unwitnessed workplace accident arose out of the course of the claimant's employment pursuant to Workers' Compensation Law § 21 (1), the Board correctly noted in its decision that the presumption cannot be used to establish that an accident actually occurred (see Matter of Neville v Jaber, 46 AD3d 1137, 1138 [2007]; Matter of Santiago v Otisville Correctional Facility, 39 AD3d 1109, 1110 [2007]).  Rather, such a determination is a factual question for the Board to resolve, and its determination will not be disturbed if supported by substantial evidence (see Matter of Hopkins v Emcor Group, Inc., 130 AD3d 1114, 1114 [2015]; Matter of Gardner v Nurzia Constr. Corp., 63 AD3d 1385, 1386 [2009]).  Here, claimant testified that he slipped while walking down some stairs to check a trailer.  According to claimant, the stairs had a coating of snow on them, and he injured his back and neck as a result of the fall.  Claimant immediately used his cell phone to notify his supervisor, who was in an office on the premises, and to later call an ambulance.  In contrast, the employer presented evidence supporting its contention that claimant fabricated his claim in light of an impending disciplinary action against him and in retaliation for the denial of his request to leave early on the day of the accident.  Claimant's supervisor also presented testimony that contradicted certain aspects of claimant's account of the accident and the hours following the accident.  Inasmuch as "the Board has broad authority to make credibility determinations and to draw reasonable inferences from record evidence" (Matter of Klamka v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 1527, 1528 [2011]; see Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011]), its finding that claimant established that a workplace accident had occurred is supported by substantial evidence.[1]

---

[1]  While its decision is somewhat unclear, we are satisfied that the Board properly undertook the inquiry into whether claimant demonstrated that an accident had occurred without relying on the statutory presumption.

    As such, it is presumed that the accident and injury arose out of claimant's employment, and the employer may overcome the presumption of compensability by presenting substantial evidence to the contrary (see Matter of Stevenson v Yellow Roadway Corp., 114 AD3d 1057, 1059 [2014]; Matter of Richman v NYS Unified Ct. Sys., 91 AD3d 1014, 1015 [2012], lv denied 19 NY3d 811 [2012]). To that end, the employer relied on written reports from its fitness instructor indicating that claimant had reported suffering from discomfort in his lower back "on and off for years" to argue that he had a preexisting condition. Notably, however, the record also contains the medical reports of claimant's treating physician, claimant's chiropractor and a physician who performed an independent medical examination on claimant. All three found claimant to be temporarily totally disabled from performing the duties of a warehouse worker and concluded that his condition was causally related to his employment. In light of the foregoing, we will not disturb the Board's determination that the employer's evidence was insufficient to rebut the statutory presumption. The employer's remaining claims have been considered and found to be without merit.

    Garry, J.P., Lynch, Devine and Clark, JJ., concur.


    ORDERED that the decision is affirmed, without costs.



            ENTER:

            Robert D. Mayberger
            Clerk of the Court