Matter of Pilacik v Jacsa, LLC (2018 NY Slip Op 03783)





Matter of Pilacik v Jacsa, LLC


2018 NY Slip Op 03783


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

524470

[*1]In the Matter of the Claim of ANTONI PILACIK, Respondent,
v
JACSA, LLC et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for appellants.
The Platta Law Firm, PLLC, New York City (Pawel P. Wierzbicki of counsel), for Antoni Pilacik, respondent.
Barbara D. Underwood, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from a decision of the Workers' Compensation Board, filed April 27, 2016, which ruled that claimant sustained a work-related injury and awarded him workers' compensation benefits, and (2) from a decision of said Board, filed July 13, 2016, which denied the application of the employer and its
workers' compensation carrier for reconsideration and/or full Board review.
Claimant, a painter, applied for workers' compensation benefits, alleging that he was injured when he fell off of a scaffolding while working. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim, contending that claimant failed to provide timely notice thereof and did not suffer a compensable accident. Following a hearing, a Workers' Compensation Law Judge established the claim for a subdural hematoma of the head and injuries to claimant's neck and back. Upon review, the Workers' Compensation Board affirmed. The Board subsequently denied the carrier's request for [*2]reconsideration and/or full Board review. The carrier appeals from both decisions.[FN1]
We affirm. Regarding whether claimant provided proper notice, he testified that, on May 1, 2014, he fell off of a seven-foot scaffolding while working and struck the left side of his head and body on the floor. He further testified that he told his employer's owner about the fall in person on the day it happened and showed him his injuries. According to claimant, he was sent home that day and returned to work 12 days later and continued working until July 21, 2014. In contrast, the owner testified that claimant never informed him or anyone else that he had fallen off the scaffolding and that claimant did not miss any time from work between May 1, 2014 to July 21, 2014. The Board expressly credited claimant's testimony over that of the owner and, inasmuch as "resolution of the sufficiency of a claimant's oral notice is a matter within the exclusive province of the Board" (Matter of Pisarek v Utica Cutlery, 26 AD3d 619, 620 [2006]; see Matter of McCarthy v Verizon Wireless, 83 AD3d 1352, 1353 [2011]), substantial evidence supports a finding that claimant provided adequate notice of the accident.
As to the establishment of the claim, "[w]hether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence" (Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1292 [2013], lv denied 21 NY3d 865 [2013]; accord Matter of Oathout v Averill Park Cent. Sch., 142 AD3d 749, 750 [2016]). Initially, we note that claimant's original EC-3 claim form seeking benefits, as well as many of his medical records, referenced April 30, 2014 as the date of the alleged accident. He subsequently testified that the accident occurred on May 1, 2014 and an amended EC-3 was filed referencing that date. Although the owner testified that his records reflect that claimant was not working at the location referenced by claimant on May 1, 2014, those records are not in the record. Moreover, the carrier argues on appeal that claimant changed the date because he did not work on April 30, 2014, but there is no evidence in the record to support this claim. The Board ultimately found that the accident occurred on May 1, 2014, and we will not interfere, as any credibility issues presented by the discrepancies in the date and location of the alleged fall were for the Board to resolve (see Matter of Jaquin v Community Covenant Church, 69 AD3d 998, 999-1000 [2010]).
Claimant testified that he returned to work 12 days after his fall and continued working until July 21, 2014. On that date, claimant experienced a severe headache, was disoriented, had difficulties with his balance and could not speak clearly. Claimant went to the hospital, where he was diagnosed with a large subdural hematoma that required a surgical procedure. Claimant's treating neurologist opined that the subdural hematoma was causally-related to claimant's fall from the scaffolding. According to the neurologist, the two-month-plus delay on the onset of symptoms of the hematoma was typical of such injuries. The hospital's consulting physician also opined that the subdural hematoma was causally-related to claimant's fall. The neurologist who performed an independent medical examination of claimant and reviewed his medical records on behalf of the carrier similarly opined in a written report that there is a causal relationship between claimant's injuries and his fall, although at his deposition he testified that the injuries "may be causally related." Finally, an orthopedist who performed an independent medical examination of [*3]claimant on behalf of the carrier found evidence of injuries to claimant's neck, chest, left shoulder and back that were causally-related to his fall, but that the injuries had resolved at the time of the examination. Inasmuch as "the Board has broad authority to make credibility determinations and to draw reasonable inferences from record evidence" (Matter of Klamka v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 1527, 1528 [2011]; accord Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011]), its finding that claimant established that a workplace accident had occurred on May 1, 2014 is supported by substantial evidence and will not be disturbed [FN2]. The carrier's remaining claims, to the extent not specifically addressed, have been considered and found to be without merit.
McCarthy, J.P., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: The carrier does not raise any arguments in its brief regarding the Board's denial of its application for reconsideration and/or full Board review. Accordingly, we deem the appeal from that decision to be abandoned (see Matter of Qualls v Bronx Dist. Attorney's Off., 146 AD3d 1213, 1214 n 1 [2017], lv denied 29 NY3d 906 [2017]).

Footnote 2: The carrier now contends that the opinions of the neurologists and the orthopedist are unreliable because claimant provided them with an incomplete history that did not include the fact that, according to the hospital records, he was involved in a motor vehicle accident a few days prior to going to the hospital. This argument, however, was not raised before the Workers' Compensation Law Judge or the Board on administrative appeal. Thus, it is unpreserved for our review (see Matter of Bond v Suffolk Transp. Serv., 68 AD3d 1341, 1342 [2009]; Matter of Martin v New York Tel., 46 AD3d 1136, 1137 n [2007]).