Matter of Buccinna v Pembroke Cent. Sch. Dist. (2018 NY Slip Op 06843)





Matter of Buccinna v Pembroke Cent. Sch. Dist.


2018 NY Slip Op 06843


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

525852

[*1]In the Matter of the Claim of MICHELE BUCCINNA, Respondent,
v
PEMBROKE CENTRAL SCHOOL DISTRICT, Respondent, and GENESEE COUNTY SELF-INSURANCE PLAN, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Nicosia Law, PC, Rochester (Edward G. Nicosia of counsel), for appellant.
Dolce Panepinto, PC, Batavia (Kristin M. Allen of counsel), for Michele Buccinna, respondent.
Barbara D. Underwood, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed January 23, 2017, which ruled that claimant sustained a work-related injury and awarded workers' compensation benefits.
Claimant applied for workers' compensation benefits based upon injuries she suffered on September 28, 2015, when, while working as a school bus monitor, the bus she was riding in ran over a bump in the road. Following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury, approved payment for causally-related medical expenses and continued the case regarding questions of average weekly wage, causally-related lost time and attachment to the labor market. The Workers' Compensation Board affirmed that decision, and the employer's workers' compensation carrier now appeals.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial [*2]evidence" (Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011] [citations omitted]; see Matter of Pilacik v JACSA, LLC, 161 AD3d 1463, 1464 [2018]). "Moreover, there is a presumption that an accident that occurs in the course of employment also arises out of that employment, unless there is substantial evidence to the contrary" (Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1185 [2017]; see Workers' Compensation Law § 21 [1]; Matter of Zobel v Chemung County, 136 AD3d 1140, 1140-1141 [2016], lv denied 27 NY3d 907 [2016]).
Claimant testified that the school bus hit a bump while driving through a construction area, causing her to be lifted out of her seat and come back down on the metal framework on the side of the seat. According to claimant, she immediately felt sharp pain in her back and left leg. Claimant further testified that she reported the incident to her supervisor when the bus returned to the garage that day. The bus driver testified that she did hit the bump in the construction area on the day in question. The driver further testified that she was watching the road and did not see claimant get injured, but she did recall claimant complaining of pain related to the incident, although she could not remember when she first heard claimant complain. A bus driver that was at the garage when claimant returned on the day of the incident testified that claimant told her about the incident and was walking like she was in pain. Two other bus drivers similarly testified that claimant told them about the incident and complained of pain, but they could not recall when the conversations took place. Claimant's supervisor testified that claimant informed her of the incident on the day that it happened, although, according to the supervisor, claimant did not state that she was injured. Finally, claimant's treating neurosurgeon opined that claimant suffered from injuries related to the incident on the bus. The neurosurgeon had also treated claimant for a work-related injury in 2004, and he opined that claimant was partially disabled, apportioning 66% of her condition to the 2015 incident. Insofar as "the Board has broad authority to make credibility determinations and to draw reasonable inferences from the record evidence" (Matter of Klamka v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 1527, 1528 [2011]; accord Matter of Pilacik v JACSA, LLC, 161 AD3d at 1465), we find that the Board's decision that a workplace accident occurred is supported by substantial evidence (see Matter of Ellis v Frito Lay Inc., 138 AD3d 1363, 1363-1364 [2016]; Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d at 734).
It is therefore presumed that the accident and injury arose out of claimant's employment (see Workers' Compensation Law § 21 [1]). In deference to the Board's resolution of credibility issues, although the carrier presented testimony that may call into question the veracity of claimant's rendition of the 2015 incident, the Board's decision that the carrier failed to rebut the statutory presumption is supported by substantial evidence and will not be disturbed (see Matter of Quigley v Concern for Independent Living, 146 AD3d at 1186; Matter of Krysinski v Nesco Resource/ETS Staffing, 140 AD3d 1569, 1570 [2016]).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.