Matter of Balseca v Hudson Concrete Inc. (2025 NY Slip Op 03116)

Matter of Balseca v Hudson Concrete Inc.

2025 NY Slip Op 03116

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-24-1236
[*1]In the Matter of the Claim of Celso Balseca, Claimant,
v
Hudson Concrete Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:April 22, 2025

Before:Garry, P.J., Clark, Pritzker, McShan and Powers, JJ.

Vaughan McLean, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed January 23, 2024, which ruled that claimant sustained causally-related injuries to his neck, back, right shoulder, right elbow, both knees and both hips.
Claimant filed a claim for workers' compensation benefits alleging that he sustained injuries to his neck, back, right arm, right shoulder, right elbow, right wrist, both hips and both legs when he fell off a ladder while working. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim arguing, among other things, no causal relationship. Following a hearing and medical depositions, a Workers' Compensation Law Judge disallowed the claim, finding claimant's testimony regarding his accident to be incredible. On administrative appeal, the Workers' Compensation Board credited claimant's testimony, reversed the Workers' Compensation Law Judge's decision, and established the claim for injuries to claimant's neck, back, right shoulder, right elbow, both knees and both hips. The carrier appeals.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Flores v Millenium Servs., LLC, 215 AD3d 1146, 1147 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Gorbea v Verizon N.Y. Inc., 231 AD3d 1264, 1265 [3d Dept 2024]). As the party seeking benefits, "[t]he burden is on claimant to establish that the subject injury arose out of and in the course of the employment and, further, to demonstrate, by competent medical evidence, the existence of a causal connection between the injury and the employment" (Matter of Leon v Structure Tech N.Y., Inc., 225 AD3d 1071, 1072 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; see Matter of Minichino v Amazon.com DEDC LLC, 204 AD3d 1289, 1291 [3d Dept 2022]). Significantly, "the Board is the sole and final judge of witness credibility, and it alone can evaluate the factors relevant to determining whether the testimony of a party or witness is worthy of belief" (Matter of Arce v Schear Constr., LLC, 232 AD3d 1022, 1023 [3d Dept 2024] [internal quotation marks and citations omitted]).
Claimant testified that he fell about four feet to the floor after the ladder he was standing on moved, causing him to lose his balance. According to claimant, the fall occurred approximately 15-30 minutes before the end of his shift and he did not tell his supervisor about the fall that day because he was afraid that he would lose his job. Claimant further testified that when he awoke the day after his fall, he was in a lot of pain and asked a friend to drive him to the hospital, where he was diagnosed with acute back pain. The next day he informed the employer of his injury via certified letter. Although claimant's supervisor testified that claimant informed him at [*2]the end of his shift the day of the fall that he was quitting because he had found another job, the Board credited claimant's testimony regarding his fall. Deferring to the Board's credibility assessment, its finding that claimant's accident arose out of and in the course of his employment is supported by substantial evidence (see Matter of Sheehan v Nationwide Ct. Servs., Inc., 178 AD3d 1246, 1247 [3d Dept 2019]; Matter of Ellis v Frito Lay Inc., 138 AD3d 1363, 1363-1364 [3d Dept 2016]).
As to whether his injuries were causally-related, Ari Lerner, a pain management specialist, first examined claimant three days after his fall and testified that his examination was limited to claimant's neck, back and right shoulder. Lerner diagnosed claimant with a sprain or strain of the cervical and lumbar spine, lumbar radiculopathy, right shoulder arthropathy and right shoulder contusion and opined that claimant's injuries are consistent with and causally-related to his reported fall at work. Steven Touliopoulos, an orthopedic surgeon, examined claimant three weeks after his fall, testifying that he did not examine claimant's neck or back. Touliopoulos diagnosed claimant with right shoulder sprain with rotator cuff and labral tearing, right elbow sprain with partial flexor tendon tearing, bilateral hip sprain and labral tearing, and bilateral knee sprain with cruciate ligament injuries and meniscal tearing, findings that he testified were confirmed by a subsequent MRI. According to Touliopoulos, claimant's injuries are causally-related to his reported fall at work. Sean Lager, the orthopedic surgeon that examined claimant on behalf of the carrier, disagreed with the diagnoses, based upon claimant's limited complaints of pain only to his back, right hip, right flank and right rib cage when he reported to the emergency room the day after the fall,[FN1] and what Lager believed to be symptom magnification during his examination. Lager did find, however, that claimant suffered a causally-related lumbar strain/sprain and right hip contusion. Given that the Board is vested with the authority to weigh conflicting medical evidence and to credit the opinion of one medical expert over another, and may accept or reject portions of a medical expert's opinion, substantial evidence supports the Board's determination establishing the claim for injuries to claimant's neck, back, right shoulder, right elbow, both knees and both hips (see Matter of Bonitto v Vivid Mech. LLC, 231 AD3d 1222, 1223 [3d Dept 2024]; Matter of Kotok v Victoria's Secret, 181 AD3d 1146, 1148 [3d Dept 2020]).
Garry, P.J., Clark, Pritzker and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: On this point, Touliopoulos testified that "[t]here may not have been a significant initial onset of pain" associated with claimant's injuries.