Matter of Brognano v County of Oneida

2026 NY Slip Op 02308

April 16, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of James Brognano III, Claimant,

v

County of Oneida, Appellant. Workers' Compensation Board, Respondent.

Decided and Entered:April 16, 2026

CV-24-1286

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Habberfield Kaszycki, LLP, Buffalo (Melissa B. Habberfield of counsel), for appellant.

Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.

[*1]

Garry, P.J.

Appeal from a decision of the Workers' Compensation Board, filed July 12, 2024, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.

Claimant worked as a caseworker for the self-insured employer. On January 19, 2021, he returned to work after being out for several days on quarantine leave and then sick leave. He was living with his parents at the time, and his mother observed nothing out of the ordinary about him before he left for work that morning. Upon his arrival at work, he appeared pale but told one of his supervisors that he was feeling much better and was ready to be back. He left work a few hours later and went home on his lunch break. His mother saw nothing unusual about him while he was home, and he sounded normal when they spoke on the phone around 12:15 p.m. as he was driving back to the office from having a COVID-19 test. After claimant returned to the office, the person sitting next to him heard a "kaboom" in his cubicle and heard him call out her name several times. Claimant complained to her that he did not feel good and had a headache. The supervisor who had spoken to him that morning soon arrived, and, although he denied having fallen, claimant reiterated that "his head was killing him" and he appeared "[c]lammy" and "shaky," with facial disfigurement and swelling around one of his eyes. The supervisor called 911 and requested an ambulance.

Claimant rapidly became incoherent, and, after he was transported to the hospital, he was observed to have bruising on the right side of his head and was diagnosed with an orbital roof fracture and a traumatic epidural hematoma.FN1 He was transported to another hospital to undergo emergency surgery to drain the blood pressing on his brain, and his brain injuries required extensive further treatment. Claimant's treating neurosurgeon was clear that the hematoma had been caused by blunt force trauma to the head, such as that caused by "a fall from standing onto a hard surface," although the surgeon noted that claimant could have remained "lucid" and "conscious for a short period of time" immediately after the injury. No one could confirm how claimant sustained that trauma, however, as claimant had no memory of what occurred and no one observed any accident.

The present claim for workers' compensation benefits was filed in February 2021. The claim was controverted by the employer, and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence for a traumatic brain injury and directed, among other things, that witnesses be deposed. After considering claimant's medical records and the deposition testimony, which included that of his mother, the person who heard the noise in his cubicle and the supervisor who interacted with him at work on January 19, 2021, the WCLJ found that claimant had not demonstrated that an accident had occurred at work and disallowed the claim. The Workers' Compensation [*2]Board reversed and established the claim for the head and a traumatic brain injury, finding that the evidence showed that an accident had occurred and that the employer had failed to rebut the presumption of compensability set forth in Workers' Compensation Law § 21 (1). The employer appeals.

We affirm. First, "[w]hether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Zobel v Chemung County, 136 AD3d 1140, 1140 [3d Dept 2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 907 [2016]; see Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1071 [3d Dept 2017]). As noted above, the medical proof reflected that significant blunt force trauma was the cause of claimant's injuries. The Board, relying upon the testimony of the nearby employee who heard a "kaboom" in claimant's cubicle after he returned from his lunch break, the testimony describing his new complaints and the changes in his appearance and behavior after that noise, and the discovery of bruising on his forehead when he was examined at the hospital later that afternoon, found that the proof showed claimant to have sustained his injuries after he returned to work. " '[T]he Board has broad authority to make credibility determinations and to draw reasonable inferences from record evidence' " and, notwithstanding the employer's speculation as to what caused the noise in claimant's cubicle and its less-than-compelling attempts to call the timeline of events relied upon by the Board into question, we are satisfied from the foregoing proof that the Board's "finding that claimant established that a workplace accident had occurred is supported by substantial evidence" (Matter of Ellis v Frito Lay Inc., 138 AD3d 1363, 1363-1364 [3d Dept 2016], quoting Matter of Klamka v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 1527, 1528 [3d Dept 2011]; see Matter of Buccinna v Pembroke Cent. Sch. Dist., 165 AD3d 1369, 1370-1371 [3d Dept 2018]).

The Board having determined that claimant was injured during his employment, "it is presumed that the accident and injury arose out of claimant's employment, and the employer may overcome the presumption of compensability by presenting substantial evidence to the contrary" (Matter of Ellis v Frito Lay Inc., 138 AD3d at 1364; see Workers' Compensation Law § 21 [1]; Matter of Thompson v Genesee County Sheriff's Dept., 43 AD3d 1252, 1253 [3d Dept 2007]). Although the employer pointed out the uncertainty as to exactly how the accident unfolded and questioned the quality of the medical evidence presented, it failed, as required, "to present any proof to overcome the Workers' Compensation Law § 21 presumption that claimant's accidental injury arose out of employment" (Matter of Keevins v Farmingdale UFSD, 304 AD2d 1013, 1014 [3d Dept 2003]; see Matter of Buccinna v Pembroke Cent. Sch. Dist., 165 AD3d at 1371; Matter [*3]of Thompson v Genesee County Sheriff's Dept., 43 AD3d at 1254). Thus, substantial evidence supports the Board's decision to establish the claim for benefits.

Reynolds Fitzgerald, Powers, Mackey and Ryba, JJ., concur.

ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: "An epidural hematoma . . . is bleeding between the inside of the skull and the outer covering of the brain (called the dura mater)" that, if severe enough, pools and increases the pressure inside the skull (Epidural hematoma, MedlinePlus, National Lib of Medicine, National Insts of Health [Aug. 2024], available at https://medlineplus.gov/ency/article/001412.htm [last accessed Apr. 9, 2026]).