Spain, J.
Appeal from a decision of the Workers’ Compensation Board, filed July 12, 2011, which ruled that claimant did not sustain a compensable accident and denied his claim for workers’ compensation benefits.
Claimant, a volunteer emergency medical technician, filed a claim for workers’ compensation benefits alleging that he slipped and fell on black ice in his driveway while responding to an emergency call on behalf of the employer in January 2010, which caused injuries to his neck and left leg. Following hearings and the submission of extensive medical records, a Workers’ Compensation Law Judge disallowed the claim, finding that claimant lacked credibility and had failed to establish a compensable accident. The Workers’ Compensation Board upheld that determination, resulting in this appeal.
We affirm. Whether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence (see Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010], lv dismissed 16 NY3d 780 [2011]; Matter of Fortunato v Opus III VII Corp., 56 AD3d 905, 906 [2008]). Here, while claimant was injured in January 2010, he did not submit a claim for workers’ compensation benefits until May 2010, reportedly because he was not aware that his accident was compensable as a work-related injury. Notably, there was a sharp contrast in the medical records as to the source of claimant’s injuries before and after the submission of his claim. The initial records, made contemporaneous with claimant’s emergency room visit and treatment by his primary care physician and an orthopedist, list various causes for his injuries but, significantly, make no mention of a slip and fall accident. Only around the time of the submission of the claim did claimant begin to advance the assertion that he had slipped and fallen while responding to an emergency call.
Moreover, prior to the submission of his claim, claimant reported to his medical providers that he had a history of neck pain stemming from a past automobile accident and that he had noticed decreased range of motion in his neck over the previous six to eight months, i.e., predating his claimed January 2010 slip and fall. However, once the claim was filed, claimant began *1293 to tell providers that he had no history of neck problems prior to the January 2010 incident—despite the existence of evidence that he had degenerative neck problems—prompting one provider to note that he “expect[ed] that [claimant] had limitation in his neck range of motion certainly prior to his work injury.” Thus, given the Board’s broad authority to make credibility determinations and draw reasonable inferences from the conflicting evidence in the record, we find that the determination that claimant failed to establish an injury arising out of and in the course of his duties as an emergency medical technician, i.e., while working, is supported by substantial evidence (see Matter of Caballero v Fabco Enters., 77 AD3d at 1029; Matter of Neville v Jaber, 46 AD3d 1137, 1138 [2007]; Matter of Papadakis v Volmar Constr., Inc., 17 AD3d 874, 875 [2005]).
Claimant’s remaining claims have been considered and determined to be without merit.
Rose, J.E, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.