*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 12, 2015                     519285
_____

In the Matter of the Claim of
    GERALD A. LOSARDO,
                         Appellant,

        v

BAXTER HEALTHCARE CORPORATION              MEMORANDUM AND ORDER
    et al.,
                         Respondents.

WORKERS' COMPENSATION BOARD,
                         Respondent.
_____


Calendar Date:   January 13, 2015

Before:   Peters, P.J., Rose, Egan Jr. and Clark, JJ.

                    _____


        Law Offices of Joseph A. Romano, New York City (Anthony
Brooks-Morgese of counsel), for appellant.

        Foley, Smit, O'Boyle & Weisman, New York City (David L.
Wecker of counsel), for Baxter Healthcare Corporation and
another, respondents.

                    _____


Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 31, 2013, which ruled that claimant did not sustain a
compensable injury and denied his claim for workers' compensation
benefits.

        Claimant, a truck driver, applied for workers' compensation
benefits in March 2009, alleging that he injured his back in
October 2007 while unloading a delivery truck.  Following a

hearing, at which claimant and his treating physicians appeared and testified, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained a work-related injury and established the claim. The employer and its workers' compensation carrier sought review by the Workers' Compensation Board contending, among other things, that there was no credible evidence to support the WCLJ's decision. The Board agreed and reversed the WCLJ's decision finding, among other things, that the medical evidence did not establish that claimant had suffered a compensable injury. This appeal by claimant ensued.

We affirm. "Whether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence" (Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1292 [2013], lv denied 21 NY3d 865 [2013] [citations omitted]; accord Matter of Wait v Hudson Val. Community Coll., 120 AD3d 1456, 1456 [2014]). Here, claimant testified that he injured his back at work on October 1, 2007, that he notified his employer the following day and that he immediately sought medical treatment.[1] As the Board aptly observed, however, the medical evidence adduced at the hearing does not support claimant's assertion that he suffered a work-related accident.

Although many of the salient medical records are largely illegible, claimant's treating physician testified that claimant presented in his office on Wednesday, October 3, 2007 complaining of pain in his left arm, numbness in his mouth, back pain, fatigue and cold feet. Although the physician noted that claimant lifted heavy objects as part of his job, no mention is made of when or how claimant injured his back, and the physician acknowledged that claimant previously had been treated for back pain by another provider. When claimant returned for a follow-up visit one week later, the physician noted that claimant's "back went out" the preceding Monday and that claimant reported

---

[1] According to claimant, the employer discouraged him from seeking workers' compensation benefits; claimant subsequently applied for and received both short- and long-term disability benefits.

"lift[ing] some furniture at home."  Again, no mention was made of a work-related injury.  Claimant then was referred to an orthopedist, who evaluated him on October 15, 2007.  According to the orthopedist's records, claimant's back pain began at home on October 10, 2007, this "recurrent" pain came on "[g]radually" and claimant "denie[d] trauma."  Given the Board's broad authority to resolve credibility issues and draw reasonable inferences from the conflicting evidence presented, we find that the Board's decision is supported by substantial evidence and, as such, will not be disturbed (see Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013]; Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d at 1293).

Peters, P.J., Rose and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court