*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    520744
                                                         521883
_____

In the Matter of the Claim of
    SERGII SIENNIKOV,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER
PROFESSIONAL GRADE CONSTRUCTION,
    INC., et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                        _____

        Harris Law Group, LLP, Rego Park (Mark Muccigrosso of
Talkin, Muccigrosso & Roberts, LLP, New York City, of counsel),
for appellant.

        Vecchione, Vecchione & Connors, LLP, Garden City Park
(Leslie Wong of counsel), for Professional Grade Construction,
Inc. and another, respondents.

                        _____

Egan Jr., J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed July 2, 2014, which ruled that claimant did not
suffer a compensable injury and denied his claim for workers'
compensation benefits, and (2) from a decision of said Board,
filed July 31, 2015, which denied claimant's request for
reconsideration and/or full Board review.

Claimant, a construction helper, applied for workers' compensation benefits in November 2012, alleging that he had injured his left hip, back and head in a fall from scaffolding onto a concrete floor on a construction site at approximately 11:30 a.m. on February 23, 2012. At a hearing, conflicting testimony was offered by claimant, a coworker and the company owner and foreperson, medical records were submitted and the deposition testimony of claimant's treating physicians and the workers' compensation carrier's consulting orthopedic surgeon were introduced. A Workers' Compensation Law Judge (hereinafter WCLJ) concluded that the employer had not rebutted the presumption under Workers' Compensation Law § 21 and found that claimant had sustained a work-related injury to his back and left hip and established the claim. The employer and its carrier sought review by the Workers' Compensation Board, contending that the WCLJ's findings regarding notice, accident and causal relationship, among others, were unsupported by the credible evidence. By decision filed July 2, 2014, the Board agreed, after undertaking a complete review of the record, and reversed, finding, among other things, that there was insufficient credible evidence to show that claimant suffered an injury in the course of his employment on February 23, 2012. Claimant's application for reconsideration and/or full Board review was denied by Board decision filed July 31, 2015. Claimant now appeals from both decisions.[1]

We affirm. "Whether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence" (Matter of Losardo v Baxter Healthcare Corp., 126 AD3d 1164, 1165 [2015] [internal quotation marks and citations omitted]). Claimant testified that following this unwitnessed fall, he promptly reported the accident to a superior and left work

---

[1] Claimant raises no arguments in his appellate brief regarding the denial of his request for reconsideration and/or full Board review and, accordingly, we deem his appeal from that decision to be abandoned (see Matter of Krietsch v Northport-East Northport UFSD, 116 AD3d 1255, 1256 n 2 [2014]).

shortly thereafter without summoning an ambulance, was absent from work the following day — a Friday — and returned to work the following Monday; he continued to work, including performing heavy lifting, until April 25, 2012, when he stopped working due to pain. A coworker testified that he heard a crash and thereafter saw claimant on the floor in pain, that claimant reported the fall to the supervisor, who refused to help claimant obtain medical treatment, and that claimant left work early. Claimant admittedly did not seek any medical treatment until March 20, 2012 and, after X rays were taken, the physician told him that there was "nothing wrong" and he could "continue to work." While he claimed that he had told the physician that he had fallen at work, no such medical records were produced. Claimant next sought medical treatment for a backache in June 2012 at an emergency room and then from his family physician, attributing his back pain to heavy lifting within the previous month; he was diagnosed with degenerative changes to his hip, but the records do not reflect that he reported a work-related fall.[2] Claimant first reported a workplace fall to a physical medicine physician in November 2012, nine months after the accident, the same day that he filed a claim for workers' compensation benefits; while he told that physician that he had sought treatment at an emergency room the day of the fall, no such records were ever produced, and claimant himself conceded at the hearing that he had not sought any medical treatment until almost two months after the alleged fall.

By contrast, the employer's witnesses testified that they never received notice of the accident, that timecard and payroll records reflect that claimant worked and was paid for his full shift on the day in question and that he lost no time and continued to work until April 25, 2012, when he stopped reporting and took a position with another construction company. Based upon the testimony and records of the employer's witnesses, which contradicted claimant's proof, and the lack of documentary

---

[2] Although claimant's treatment records contain a reference to a fall or jump "from a height some time ago," there is no indication of a date or that the fall occurred at work.

evidence or any contemporaneous medical records reflecting that claimant sustained the described work-related injury, the Board found that the testimony of claimant and his coworker was not credible.  The Board further determined that the medical testimony of a causally-related injury, first reported nine months after the alleged incident, was based solely upon the history provided by claimant, which the Board found was "unworthy of belief."  Given the foregoing evidence and according deference to the Board as "the sole arbiter of witness credibility" (Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013] [internal quotation marks and citations omitted]), the Board was entitled to reject claimant's testimony and proof, draw reasonable inferences from the conflicting evidence and conclude that no work-related accident had occurred, a finding supported by substantial evidence (see Matter of Losardo v Baxter Healthcare Corp., 126 AD3d at 1165).

Finally, contrary to the analysis of the WCLJ, Workers' Compensation Law § 21, "which affords a presumption that an unwitnessed or unexplained workplace accident arose out of the injured person's employment, . . . cannot be utilized to demonstrate that an accident occurred in the first place" (Matter of Dixon v Almar Plumbing, 111 AD3d at 1231 n 1 [internal quotation marks and citation omitted]).  Claimant's remaining arguments have been examined and determined to lack merit.

Garry, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.


        ENTER:

        Robert D. Mayberger
        Clerk of the Court