*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    521437
_____

In the Matter of the Claim of
    BRENDA HILL,
                      Appellant,
        v

SHOPRITE SUPERMARKETS INC.                    MEMORANDUM AND ORDER
    et al.,
                      Respondents.

WORKERS' COMPENSATION BOARD,
                      Respondent.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____

        The Law Firm of Alex Dell, Albany (Courtney E. Holbrook of counsel), for appellant.

        Walsh & Hacker, Albany (Kelly B. Dean of counsel), for Shoprite Supermarkets Inc. and another, respondents.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board, filed September 30, 2014, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

        Claimant, a supermarket deli clerk, applied for workers' compensation benefits in September 2013 alleging that she had injured her back when she slipped on a grease trap and fell to the floor.  The employer and its workers' compensation carrier

(hereinafter collectively referred to as the employer) controverted the claim, and, following a hearing, a Workers' Compensation Law Judge disallowed the claim.  Concluding that the employer had rebutted the presumption under Workers' Compensation Law § 21, the Workers' Compensation Law Judge found that claimant was not credible and that she had failed to establish by competent medical evidence a causal relationship between her medical condition and her employment.  Upon administrative review, the Workers' Compensation Board agreed, prompting this appeal by claimant.

We affirm.  "'Whether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence'" (Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 [2016], quoting Matter of Losardo v Baxter Healthcare Corp., 126 AD3d 1164, 1165 [2015]; accord Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013]).  Here, when claimant filed her claim, she provided no information regarding when she first sought and received treatment for her alleged injury and reported the accident date as June 26, 2013 – despite having reported the date of her injury to her treating physician as July 28, 2013.  Claimant's testimony also reflected her uncertainty regarding the name of the manager to whom she reported the alleged accident.  Moreover, although claimant denied having received prior treatment for – or injuries to – her back, claimant's treating physician testified that he previously had treated claimant in 2010 for pain in her lower back and one of her legs following her involvement in a motor vehicle accident.  The physician also acknowledged that he had not performed any diagnostic tests on claimant for her alleged injuries and that he could not yet determine whether claimant's symptoms were degenerative in nature or due to an acute injury from trauma.  In view of the foregoing evidence and according deference to the Board as "the sole arbiter of witness credibility" (Matter of Dixon v Almar Plumbing, 111 AD3d at 1231 [internal quotation marks and citations omitted]), the Board was entitled to reject claimant's testimony and proof, draw reasonable inferences from the conflicting evidence and conclude that no work-related accident had occurred – a finding that is supported by substantial evidence (see Matter of Siennikov v Professional Grade Constr.,

Inc., 137 AD3d at 1443; <u>Matter of Losardo v Baxter Healthcare Corp.</u>, 126 AD3d at 1165; <u>Matter of Rolleri v Mastic Beach Ambulance Co., Inc.</u>, 106 AD3d 1292, 1292-1293 [2013], <u>lv denied</u> 21 NY3d 865 [2013]).

Finally, contrary to claimant's contention, Workers' Compensation Law § 21, "which affords a presumption that an unwitnessed or unexplained workplace accident arose out of the injured person's employment, . . . cannot be utilized to demonstrate that an accident occurred in the first place" (<u>Matter of Dixon v Almar Plumbing</u>, 111 AD3d at 1231 n 1 [internal quotation marks and citation omitted]; <u>accord</u> <u>Matter of Siennikov v Professional Grade Constr., Inc.</u>, 137 AD3d at 1443).

Peters, P.J., Lahtinen, Rose and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court