*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 25, 2016                    522125
_____

In the Matter of PAULA OATHOUT,
                    Respondent,

    v

AVERILL PARK CENTRAL SCHOOLS          MEMORANDUM AND ORDER
    et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  August 18, 2016

Before:  Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.


                    _____


        Lemire, Johnson & Higgins, LLC, Malta (George B. Burke III
of counsel), for appellants.

        Sullivan Keenan Oliver & Violando, LLP, Albany (Michael D.
Violando of counsel), for Paula Oathout, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.


                    _____


Devine, J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed February 11, 2015, which ruled that claimant
sustained a compensable injury, and (2) from a decision of said
Board, filed June 3, 2015, which denied a request by the employer
and its workers' compensation carrier for reconsideration and/or
full Board review.

Claimant, a custodial worker, was walking down a school hallway when she heard a pop in her right foot and felt a sharp pain. She was thereafter diagnosed with a fourth and fifth metatarsal fracture and applied for workers' compensation benefits. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) controverted the claim and, following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury and awarded benefits. Upon review, the Workers' Compensation Board affirmed. The employer's subsequent request for reconsideration and/or full Board review was denied and these appeals ensued.[1]

We affirm. "Whether a compensable accident has occurred presents a question of fact for resolution of the Board and its decision will be upheld when supported by substantial evidence" (Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1292 [2013] [citations omitted], lv denied 21 NY3d 865 [2013]; see Matter of Worthington v Samaritan Med. Ctr., 124 AD3d 1155, 1155-1156 [2015]). Moreover, "absent substantial evidence to the contrary, a presumption exists that an accident that occurs in the course of employment arises out of that employment" (Matter of Zobel v Chemung County, 136 AD3d 1140, 1140-1141 [2016], lv denied 27 NY3d 907 [2016]; see Workers' Compensation Law § 21 [1]).

The Board credited claimant's testimony that she had just finished cleaning the school gymnasium and was walking down a hallway with a coworker when she felt the sharp pain in her foot, giving rise to the statutory presumption (see Matter of Cartwright v Onondaga News Agency, 283 AD2d 837, 837-838 [2001]). The employer argues that the statutory presumption was rebutted by proof that the injury stemmed not from an accident associated

---

[1]  The employer raises no arguments in its brief regarding the Board's June 2015 denial of reconsideration and/or full Board review and, therefore, we deem the appeal from that decision to be abandoned (see Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 n 1 [2016]).

with her job duties, but rather was an idiopathic condition, namely, claimant's congenital metatarsus adductus.  In that regard, although her treating physician opined that the fractures "may be partially [due] to her metatarsus adductus" (emphasis added), the employer's medical expert performed an independent examination on claimant and was unable to draw a direct connection between claimant's condition and the injury.  Thus, according deference to the Board's resolution of credibility issues, substantial evidence supports the determination that the injuries arose out of and in the course of claimant's employment (see Matter of Worthington v Samaritan Med. Ctr., 124 AD3d at 1156; Matter of Cartwright v Onondaga News Agency, 283 AD2d at 837-838).

The employer's remaining contention has been examined and found to be lacking in merit.

Garry, J.P., Egan Jr., Mulvey and Aarons, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court