■ In the Matter of the Claim of RENEE PEREIRA-JERSEY, Respondent, v ROCKLAND COMMUNITY COLLEGE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [55 NYS3d 532]—

Mulvey, J. Appeal from a decision of the Workers' Compensation Board, filed February 18, 2016, which ruled that claimant had a causally-related disability that prevented her from working more than three days a week.

Claimant began working as a purchasing agent for the employer in 1998. In February 2008, claimant applied for workers' compensation benefits, alleging that she was suffering from numerous conditions, including breathing difficulties, headaches and confusion, resulting from exposure to mold at her

---

workplace. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) established a work-related injury due to mold exposure. Further hearings were held and, in April 2009, the WCLJ determined that the claim should be amended to include a consequential cognitive adjustment disorder. The WCLJ also credited the medical opinion that claimant's work schedule should be reduced to a three-day work week and awarded reduced earnings. This determination was subsequently affirmed on review by the Workers' Compensation Board.

In January 2010, the employer opposed further awards for reduced earnings, based upon the medical report of its expert, who opined that claimant's respiratory condition had returned to pre-exposure status. Following hearings, the WCLJ disagreed, finding that claimant still had a further causally-related disability that prevented her from working more than three days a week and that she was entitled to a reduced earnings award. This determination was affirmed on review by the Board.

The employer thereafter again challenged the existence of a causally-related disability and opposed further awards for reduced earnings. Following hearings, the WCLJ concluded that claimant had a further causally-related disability that limits her ability to work more than three days a week. The Board affirmed this determination on review and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) now appeal.

We affirm. The Board's determination that claimant has a further causally-related disability that prevents her from working more than three days a week is supported by substantial evidence. A neuropsychologist who began treating claimant in 2008 opined that, in a follow-up examination in 2014, claimant showed a decline in auditory working memory scores and verbal retrieval fluency and that claimant suffered from a mild disability related to the mold exposure at work. Her treating physician opined that claimant suffers from chronic sinusitis, occupational asthma and toxic encephalopathy due to mold exposure, and recommended that her work schedule remain limited to three days a week, with a day off after each worked day. In contrast, the employer presented medical opinions that claimant did not suffer from a cognitive impairment that would prevent her from working five days a week. Clearly, "the Board is entitled to draw any reasonable inference from the evidence contained in the record, and this Court will not interfere with the Board's resolution of conflicting facts even if the evidence

rejected by the Board would have supported a contrary conclusion" (*Matter of Camby v System Frgt., Inc.,* 105 AD3d 1237, 1238 [2013] [internal quotation marks and citations omitted]; *accord Matter of Cappelletti v Marcellus Cent. Sch. Dist.,* 125 AD3d 1082, 1082-1083 [2015]). In deference to the Board's resolution of conflicting medical evidence, we conclude that substantial evidence supports the Board's determination that claimant suffers from a causally-related disability that prevents her from working more than three days a week, and it will not be disturbed (*see Matter of Oathout v Averill Park Cent. Sch.,* 142 AD3d 749, 750 [2016]; *Matter of Worthington v Samaritan Med. Ctr.,* 124 AD3d 1155, 1156 [2015]).

As to the employer's remaining claims, the Board's decision adopted the findings of fact of the WCLJ after an independent review and, therefore, we find that the decision complied with Workers' Compensation Law § 23 (*see Matter of Bonner v Brownell Steel, Inc.,* 57 AD3d 1329, 1329 [2008]; *Matter of Floyd v Millard Fillmore Hosp.,* 299 AD2d 610, 611-612 [2002]). The employer also contends that the Board erred in not addressing its contention that claimant violated Workers' Compensation Law § 114-a. The record reflects that this issue was not raised before the WCLJ during the hearing, but was first raised in the employer's written summation. The employer did not request an opportunity to further develop the record as to this issue and the WCLJ did not address it in his decision. Inasmuch as the Board "is not obligated to consider an issue that was not raised and developed at the hearing before the WCLJ" (*Matter of Hernandez v Excel Recycling Corp.,* 31 AD3d 1091, 1092 [2006] [internal quotation marks and citations omitted]; *see Matter of Tricarico v Town of Islip,* 136 AD3d 1127, 1128-1129 [2016]), we find no abuse of discretion in the Board not considering this issue.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.