Clark, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed March 10, 2016, which ruled that claimant’s injury did not arise out of and in the course of his employment and denied his claim for workers’ compensation benefits.
 

 On June 26, 2014, claimant was moving a piece of equipment known as a stator bar horse when he allegedly sustained an injury to his right shoulder. According to claimant, this incident was witnessed by a fellow employee. Claimant last worked for the employer during the first week of July 2014 and was terminated from his position shortly thereafter for reasons unrelated to the alleged injury. In August 2014, claimant filed a claim for workers’ compensation benefits, which the employer and its workers’ compensation carrier controverted—contending, among other things, that claimant’s injury did not arise out of and in the course of his employment. Following a hearing and the deposition of claimant’s treating physician, a Workers’ Compensation Law Judge established the claim for a work-related injury to claimant’s right shoulder. Upon review, the Workers’ Compensation Board reversed, finding that claimant’s testimony was not credible and deeming the timing of the underlying claim to be “suspect.” Specifically, the Board noted that claimant, who did not initially report the incident to the employer, neither sought treatment for the alleged injury nor filed a claim for workers’ compensation benefits until after he had been terminated from his employment for falsifying certain documents to support unrelated lost time from work. This appeal by claimant ensued.
 

 We affirm. “Whether a compensable accident occurred presents a question of fact for the Board, and the resolution thereof will be upheld if supported by substantial evidence” (Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010] [citations omitted], lv dismissed 16 NY3d 780 [2011]; see Matter of Losardo v Baxter Healthcare Corp., 126 AD3d 1164, 1164 [2015]; Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1292 [2013], lv denied 21 NY3d 865 [2013]; Matter of Klamka v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 1527, 1528 [2011]). In this regard, “the Board is the sole arbiter of witness credibility” (Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013] [internal quotation marks, brackets and citations omitted]).
 

 Claimant testified that, as he was “moving the horses” on the day in question, he felt “a pull in [his right] shoulder.” Cl aim - ant acknowledged that he “never reported the injury to anybody,” that he continued working following this incident and that he neither sought medical treatment nor filed a claim for workers’ compensation benefits until after he had been fired for unrelated reasons—namely, falsifying medical excuses, juror service documents and bereavement forms in order to obtain time off from work. Additionally, although the C-3 claim form bearing claimant’s signature indicated that claimant’s accident was witnessed by a coworker and that he reported the incident to his supervisor, claimant provided contrary testimony at the hearing, and the relevant coworker testified that claimant never informed him that any such injury occurred. There is no question that “the Board is vested with broad authority to resolve issues of credibility and draw reasonable inferences from record evidence” (Matter of Caballero v Fabco Enters., 11 AD3d at 1029) and, ultimately, the Board simply did not credit claimant’s testimony. Upon reviewing the record as a whole, we are satisfied that the Board’s finding that no work-related accident occurred is supported by substantial evidence and, as such, will not be disturbed (see Matter of Hill v Shoprite Supermarkets Inc., 140 AD3d 1564, 1564-1565 [2016]; Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1443 [2016]; Matter of Losardo v Baxter Healthcare Corp., 126 AD3d at 1165; Matter of Caballero v Fabco Enters., 11 AD3d at 1029).
 

 Peters, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.