Matter of Larosa v ABC Supply Co., Inc. (2018 NY Slip Op 02232)





Matter of Larosa v ABC Supply Co., Inc.


2018 NY Slip Op 02232


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

525415

[*1]In the Matter of the Claim of STEPHEN LAROSA, Claimant,
v
ABC SUPPLY COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Habberfield Kaszycki, LLP, Buffalo (Melissa Habberfield of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for respondent.




MEMORANDUM AND ORDER
Clark
, J.
Appeal from a decision of the Workers' Compensation Board, filed October 17, 2016, which ruled, among other things, that claimant sustained a causally-related injury to his right knee.
Claimant, a crane operator, filed a claim for workers' compensation benefits in April 2015 asserting that he had sustained a work-related injury to his right knee. The employer and its workers' compensation carrier (hereinafter collectively
referred to as the carrier) controverted the claim contending, among other things, that claimant's injury did not arise out of his employment. Following various hearings, a Workers' Compensation Law Judge found that claimant sustained a work-related injury to his right knee and restored the matter to the calendar for the purpose of making appropriate awards. The Workers' Compensation Board affirmed that decision, prompting this appeal by the employer.
We affirm. "[I]n order for an injury to be compensable, it must arise out of and in the course of [the claimant's] employment" (Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1377 [2016]). Absent substantial evidence to the contrary, Workers' Compensation Law § 21 (1) provides "a presumption that an accident that occurs in the course of employment also [*2]arises out of that employment" (Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1185 [2017]; see Matter of Oathout v Averill Park Cent. Sch., 142 AD3d 749, 750 [2016]). The statutory presumption, however, "cannot be used to establish that an accident occurred" in the first instance, nor "does it wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1071 [2017] [internal quotation marks, brackets and citations omitted]). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Quigley v Concern for Ind. Living, 146 AD3d at 1185 [internal quotation marks and citations omitted]; see Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1441 [2016]).
Claimant testified that, immediately prior to sustaining his injury, he had been standing on the platform of the crane that he was operating for roughly four hours; as claimant exited the crane and walked toward one of the contractors, his right knee suddenly "gave out." When claimant attempted to get back on the crane a short time later, his knee again buckled, as a result of which he was unable to stand on the crane's platform. Claimant testified that he reported the incident to the employer on the day that it occurred and thereafter continued working — believing that he had simply pulled a muscle. Approximately two weeks later, when the pain persisted and he was unable to straighten his leg, claimant sought medical treatment. Although claimant underwent arthroscopic surgery on his right knee approximately 10 years earlier, he testified that he was asymptomatic and pain free following the surgery, that he was not thereafter placed on any restrictions and that he had not received any treatment relative to his right knee between the date of the surgery and the April 2015 incident.
The carrier argues that claimant provided inconsistent accounts of the incident, that claimant's accident was due to an idiopathic condition — and, hence, did not arise out of his employment — and that there is insufficient medical evidence of a causal relationship. We disagree. As to the manner in which claimant's accident occurred, although one of the employer's truck drivers testified that claimant's knee buckled while claimant was standing still talking to a contractor, any conflict in the testimony on this point, as well as any inconsistencies that may have existed in claimant's description of the incident to various medical providers, presented a credibility issue for the Board to resolve (see Matter of Kinkhabwala v ADP Totalsource FL XIX Inc., 156 AD3d 1265, 1267 [2017]; Matter of Wait v Hudson Val. Community Coll., 120 AD3d 1456, 1456-1457 [2014]). To the extent that the carrier contends that claimant's injury resulted from an idiopathic condition — namely, a preexisting arthritic condition in his right knee (see Matter of Quigley v Concern for Ind. Living, 146 AD3d at 1185-1186; Matter of Oathout v Averill Park Cent. Sch., 142 AD3d at 750) — the conflicting proof adduced on the issue of causal relationship presented a factual issue for the Board to resolve (see Matter of Oparaji v Books & Rattles, 147 AD3d 1165, 1165 [2017], lv denied 29 NY3d 918 [2017]; Matter of Zobel v Chemung County, 136 AD3d 1140, 1141 [2016], lv denied 27 NY3d 907 [2016]). In our view, given the testimony from several physicians who concluded that claimant sustained a causally-related right knee strain that exacerbated his preexisting arthritis in his right knee, the Board's determination that claimant's injury arose out of and in the course of his employment is supported by substantial evidence (see Matter of Oathout v Averill Park Cent. Sch., 142 AD3d at 750; Matter of Searchfield v Lowe's Home Ctrs., Inc., 92 AD3d 1038, 1039-1040 [2012]). Accordingly, the Board's decision will not be disturbed.
Egan Jr., J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.