Matter of Fernandes v Del Frisco's Rest. Grp (2018 NY Slip Op 02231)





Matter of Fernandes v Del Frisco's Rest. Grp


2018 NY Slip Op 02231


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

525289

[*1]In the Matter of the Claim of MICHELLE FERNANDES, Appellant,
v
DEL FRISCO'S RESTAURANT GRP et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


David de Andrade, New York City, for appellant.
Stewart, Greenblatt, Manning and Baez, Syosset (Peter M. DeCurtis of counsel), for Del Frisco's Restaurant GRP and another, respondents.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed October 11, 2016, which ruled, among other things, that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.
On October 9, 2015, claimant, a bartender, applied for workers' compensation benefits alleging that she sustained injuries to her neck, back, arms, knees and legs as the result of
a fall at work that occurred on July 29, 2015. The employer's workers' compensation carrier opposed, alleging that the incident, as described by claimant, did not occur and that claimant made false representations in violation of Workers' Compensation Law § 114-a. Following a hearing, a Workers' Compensation Law Judge determined that a compensable accident had occurred and awarded workers' compensation benefits. Upon review, the Workers' Compensation Board reversed and disallowed the claim. The Board also found that claimant had made false representations to obtain benefits in violation of Workers' Compensation Law § 114-a, but assessed no penalty as claimant was not awarded any benefits. Claimant now appeals.
We affirm. "Whether a compensable accident has occurred presents a question of fact for the Board and the resolution thereof will be upheld if supported by substantial evidence" [*2](Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010] [citations omitted], lv dismissed 16 NY3d 780 [2011]; see Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1292 [2013], lv denied 21 NY3d 865 [2013]). Claimant reported that she could not reach bottles stored on the highest shelf behind the bar and was using a shelf in a lower cabinet as a step. According to claimant, the shelf collapsed and she fell to the floor. She reported that she was falling backward and landed on her knees and was unable to get up, and that she suffered injuries to her neck, back and knees [FN1]. Claimant further reported that the incident occurred at approximately 9:00 p.m. and that a fellow employee helped her to her feet and assisted her in cleaning up the bottles that had fallen as a result of the incident.
The carrier submitted a video of the bar the day of the incident that depicted claimant stepping on the cabinet shelf, causing the shelf to collapse. In the video, claimant does not fall down, but rather lands on her feet and continues working. The video further shows that her fellow employee did not need to help her up, but he did help pick up bottles after the shelf collapsed. The employee consistently testified that he witnessed the incident, that the shelf that collapsed was a foot off the ground, that claimant landed on her feet and that he helped clean up the area after the bottles fell. Claimant argues that, because the video depicts the bar from approximately 7:00 p.m. to 8:00 p.m., and she reported that the incident occurred at 9:00 p.m., the video did not depict the incident that allegedly resulted in her injuries. This created a credibility issue for the Board to resolve, and the Board was entitled to reject claimant's otherwise unsupported timeline of the incident (see Matter of Neville v Jaber, 46 AD3d 1137, 1138 [2007] Matter of Valentin v THB Intermediaries Corp., 10 AD3d 826, 828 [2004]). Notably, there is no evidence in this record that there were two separate incidents that evening involving claimant stepping on a shelf that collapsed. Further, although claimant's medical experts concluded that she suffers from various conditions causally-related to the incident, including muscle weakness, cervical and lumbar muscle strain, reduced range of cervical motion, difficulty walking, severe neck and back pain and postconcussion syndrome, the opinions were largely based upon claimant's subjective complaints and her description of the incident, including that she lost consciousness (see Matter of Campione v FMCS, 125 AD3d 1072, 1073 [2015]). Accordingly, we conclude that substantial evidence supports the Board's rejection of claimant's testimony and medical proof, and its conclusion that claimant was not injured in a work-related accident on July 29, 2015 will not be disturbed (see Matter of Hill v Shoprite Supermarkets Inc., 140 AD3d 1564, 1564-1565 [2016]; Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1442-1443 [2016]).
With respect to claimant's contention that the Board improperly admitted an independent medical examination report into evidence, the Board expressly did not rely on that report in making its determination and claimant, therefore, was not prejudiced by its admission (see generally Matter of Tinelli v Ken Duncan, Ltd., 199 AD2d 567, 570 n [1993]). Claimant's remaining contentions have been considered and found to be without merit.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant testified that she had undergone two prior surgeries to her back for non-work-related causes, the most recent being in February 2015, and that she had returned to work on a part-time basis a month before the July 2015 incident.