Matter of Napoli v Edison (2019 NY Slip Op 00935)





Matter of Napoli v Edison


2019 NY Slip Op 00935


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

524823

[*1]In the Matter of the Claim of JOHN NAPOLI, Appellant,
v
CON EDISON, Respondent, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Law Offices of Joseph A. Romano, PC, New York City (Barbara Reilly of counsel), for appellant.
Steven M. Licht, Special Funds Conservation Committee, New York City (Jill B. Singer of counsel), for Special Fund for Reopened Cases, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed July 13, 2016, which ruled, among other things, that claimant did not sustain an additional causally-related 45% schedule loss of use of his shoulders as the result of a January 27, 2003 accident.
In January 2003, claimant, a mechanic, injured both of his shoulders while operating a jackhammer at the World Trade Center construction site. He filed a claim for workers' compensation benefits, and his claim was established for a work-related injury to his shoulders. Claimant underwent arthroscopic surgery to both shoulders in 2003, and, in 2006, he was awarded a 20% schedule loss of use (hereinafter SLU) of each shoulder. Claimant returned to work as a construction worker and ultimately retired in July 2011.
In March 2012, a C-27 form (medical proof of change in condition) was filed by claimant and/or his physician stating that claimant's condition had changed due to an increase in pain and weakness in both shoulders, and, following an August 2012 hearing, liability for the claim was transferred, pursuant to Workers' Compensation Law § 25-a, to the Special Fund for Reopened Cases. Thereafter, claimant was examined and evaluated by his physician, who opined that claimant had a 65% SLU of each shoulder, and by the carrier's independent medical examiner, who ultimately concluded that claimant had only a 15% SLU of each shoulder. [*2]Following depositions of those physicians, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained an additional causally-related 45% SLU of each shoulder. Upon Special Fund's application for review, the Workers' Compensation Board, in August 2015, held the WCLJ's decision in abeyance and referred claimant for evaluation by an impartial specialist — with a directive that such specialist render an expert opinion on the issue of causation and whether there was support for the WCLJ's finding of an additional SLU of claimant's right and left shoulders. Following that evaluation, the Board, crediting the opinions offered by the impartial specialist and the independent medical examiner, reversed that portion of the WCLJ's decision finding that claimant sustained an additional causally-related 45% SLU of each shoulder. Claimant appeals.
We affirm. As an initial matter, claimant contends that the independent medical examiner's November 2013 medical report and accompanying December 2013 addendum should have been precluded by the Board. This claim, however, is not properly before us because claimant failed to preserve it by interposing a timely objection to the admissibility of the at-issue report and addendum despite having ample opportunity to do so (see 12 NYCRR 300.2 [d] [12]; Matter of Pereira-Jersey v Rockland Community Coll., 151 AD3d 1154, 1156 [2017]).
Turning to the merits, claimant argues that the Board erred in finding that he did not sustain an additional causally-related 45% SLU to his shoulders and that the Board should not have credited the findings of the impartial specialist. "Whether a claimant is entitled to an SLU award and, if so, the resulting percentage are factual questions for the Board to resolve" (Matter of Maunder v B & B Lbr. Co., 166 AD3d 1261, 1261 [2018] [citations omitted]; see Matter of Empara v New Rochelle Sch. Dist., 130 AD3d 1127, 1129 [2015], lv denied 26 NY3d 911 [2015]), and judicial review of such matters is limited (see Matter of Maloney v Wende Corr. Facility, 157 AD3d 1155, 1156 [2018]; see generally Matter of Wohlfeil v Sharel Ventures LLC, 32 NY3d 981, 982 [2018]; Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192-193 [2012]). In determining whether a finding of an additional SLU is warranted, the Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination in this regard will not be disturbed when supported by substantial evidence (see Matter of Kemraj v Garelick Farms, 164 AD3d 1504, 1504 [2018]; Matter of Derouchie v Massena W.—WC—Smelter, 160 AD3d 1310, 1311 [2018]).
Kenneth Hawthorne, the independent medical examiner who reviewed claimant's medical history and performed an examination of claimant in November 2013 on behalf of the workers' compensation carrier, testified that, when he had previously examined claimant's shoulders in September 2012, claimant's range of motion was "good." When Hawthorne examined claimant in November 2013, however, he noted that the "pathology" of claimant's shoulders had "progressed over the past year." Hawthorne initially opined that, based upon claimant's diminished range of motion in each shoulder, claimant had sustained a total of 65% SLU of each shoulder. In his December 2013 addendum, however, Hawthorne concluded that, after reviewing the Board's Medical Treatment Guidelines and taking into consideration that claimant's "dramatic loss of motion" from 2012 to 2013 in each shoulder was "obviously unrelated" to the underlying work-related injury, claimant had sustained only a causally-related 15% SLU of each shoulder.
Sharon Xu, the impartial specialist who specializes in occupational medicine and who performed an independent examination of claimant in March 2016, testified that she could not relate claimant's pathology and continued loss of range of motion in his shoulders to the original work-related injury. Xu also noted that, during the examination, claimant was "afraid to move" his shoulders and provided resistance to Xu's testing of his passive range of motion. Xu further explained that, although she expected to see atrophy in the shoulders given the alleged restriction of range of motion, she did not find any atrophy in claimant's shoulders. Consistent with her testimony, Xu opined in her medical report that she could not "establish a causal relationship between [the] 2003 work[-related] injury and the continued loss of [the] shoulder[s' range of motion]."
Although claimant's physician opined that claimant had sustained an additional causally-related 45% SLU in each shoulder, the Board is vested with the authority to resolve conflicting medical opinions and may "'accept or reject all or part of [the] medical evidence that is offered'" (Matter of Maunder v B & B Lbr. Co., 166 AD3d at 1262, quoting Matter of Parody v Old Dominion Frgt. Line, 157 AD3d 1118, 1120 [2018]; see Matter of Haven v F & F Custom Constr. Inc., 165 AD3d 1353, 1354-1355 [2018]). Moreover, claimant's physician acknowledged in his testimony that he was not aware of how the specific 2003 work-related accident had occurred and that he could not relate his opinions to the "particular accident" at issue. Under these circumstances, we conclude that the Board's finding that claimant has not sustained an additional causally-related 45% SLU to either shoulder and that the deterioration in the condition of his shoulders is not causally related to the underlying accident comports with the medical evidence and, therefore, supported by substantial evidence (see Matter of Haven v F & F Custom Constr. Inc., 165 AD3d at 1355; Matter of Kemraj v Garelick Farms, 164 AD3d at 1504-1505; Matter of Maloney v Wende Corr. Facility, 157 AD3d at 1156-1158). Claimant's remaining contentions, to the extent not specifically discussed herein, have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.