Matter of Rangasammy v Philips Healthcare (2019 NY Slip Op 04254)





Matter of Rangasammy v Philips Healthcare


2019 NY Slip Op 04254


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527454

[*1]In the Matter of the Claim of BRIDJE RANGASAMMY, Appellant,
v
PHILIPS HEALTHCARE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 3, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


Hegge & Confusione, LLC, Mullica, New Jersey (Michael Confusione of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano LLP, Garden City (Brian Anson of counsel), for Philips Healthcare and another, respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed November 21, 2017, which ruled, among other things, that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant, a medical equipment trainer, filed a claim for workers' compensation benefits contending that he had sustained head and neck injuries when the taxicab in which he was riding rear-ended another vehicle. Following a hearing, and after considering the deposition testimony of the physicians who either treated claimant or examined him on behalf of the employer's workers' compensation carrier, a Workers' Compensation Law Judge credited claimant's account of the incident and awarded benefits. Upon administrative review, the Workers' Compensation Board reversed, finding, among other things, that claimant failed to demonstrate that an accident arising out of and in the course of his employment actually occurred on the day in question. This appeal by claimant ensued.
"Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Ferrari v Darcon Constr. Inc., 170 AD3d 1392, 1393 [2019] [internal quotation marks and citations omitted]; see Matter of Pilacik v JASCA, LLC, 161 AD3d 1463, 1464 [2018]; Matter of Deleon v Elghanayan, 159 AD3d 1244, 1245 [2018]). In this regard, although "it is true that, absent substantial evidence to the contrary, Workers' Compensation Law § 21 affords a presumption that an accident that occurs in the course of employment also arises out of such [*2]employment, the statutory presumption cannot be used to establish that an accident occurred in the first instance, nor does it wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of Ferrari v Darcon Constr. Inc., 170 AD3d at 1393; Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321-1322 [2018]).
Claimant testified that he sustained head and neck injuries while riding as a passenger in a taxicab that rear-ended another vehicle on a street in New York City. Although the record contains an "aided report" completed by the responding police officer prior to claimant's transport to a local hospital, neither the alleged drivers nor the vehicles purportedly involved were at the scene when the police officer arrived, and no motor vehicle accident report was prepared. The record also contains a report authored by an investigator retained by the employer summarizing his telephone interview of the police officer. According to the investigator, the police officer indicated that claimant's story, which "changed several times as to what happened and where it happened," was "very fishy and suspect," and that the photograph that claimant took of his driver's taxicab medallion "appeared as if [it had been] taken in Times Square," which was not near where the accident purportedly had occurred. Given claimant's changing story, the fact that claimant was not immediately present when the police officer arrived at the scene and the absence of the involved drivers and/or vehicles, the police officer informed claimant "that there was no evidence that a motor vehicle accident had occurred." Only then did claimant, who previously had stated that he did not want to go to the hospital, ask that an ambulance be summoned. Additionally, the record indicates that claimant submitted conflicting time records for the day of the accident — one indicating that he had worked that day and the other showing that he did not perform any customer activities that day — as well as a claims report, which reflected that claimant had been involved in a number of prior motor vehicle accidents, some of which resulted in injuries to his head and neck.
"[T]he Board is the sole arbiter of witness credibility and is not bound by the Workers' Compensation Law Judge's determinations in this regard" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1358 [internal quotation marks and citations omitted]; see Matter of Hill v Shoprite Supermarkets Inc., 140 AD3d 1564, 1564-1565 [2016]). Granting deference to the Board's assessment of claimant's credibility, the Board's conclusion that claimant did not in fact sustain an accidental injury arising out of and in the course of his employment is supported by substantial evidence and, as such, will not be disturbed (see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1258; Matter of Bagnato v General Elec., 156 AD3d 1268, 1269 [2017]; Matter of Hill v Shoprite Supermarkets Inc., 140 AD3d at 1564-1565). To the extent that the sufficiency of the medical evidence adduced must be addressed, we note that even claimant's treating physicians could not adequately explain the lack of any objective findings to support claimant's alleged paralysis — particularly in view of claimant's various CAT scans and MRI studies, all of which were deemed to be normal, and the lack of muscle atrophy in claimant's extremities. Accordingly, the Board properly denied claimant's request for workers' compensation benefits. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the decision is affirmed, without costs.