Matter of Aldea v Damari Installations Corp. (2019 NY Slip Op 04251)





Matter of Aldea v Damari Installations Corp.


2019 NY Slip Op 04251


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527370

[*1]In the Matter of the Claim of NIEGEL ALDEA, Appellant,
v
DAMARI INSTALLATIONS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 3, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


The Perecman Firm, PLLC, New York City (Edward W. Guldi of counsel), for appellant.
Weiss, Wexler and Wornow, PC, New York City (J. Evan Perigoe of counsel), for Damari Installations Corporation and another, respondents.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed November 20, 2017, which ruled that claimant's injury did not arise out of and in the course of his employment and denied his claim for workers' compensation benefits.
On February 28, 2017, claimant, employed as a scaffold builder to build and take down scaffolds, filed a claim for workers' compensation benefits alleging that, on September 13, 2016, he injured his lower back while lifting heavy planks at work. The employer and its workers' compensation carrier controverted the claim, contending that the injury did not arise out of or during the course of employment and that claimant did not provide timely notice of the alleged work-related accident. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ), crediting claimant's testimony, established the claim, finding that there was sufficient evidence of claimant's injury, as well as timely notice to his supervisor. The Workers' Compensation Board reversed the WCLJ's decision and disallowed the claim, finding that claimant failed to establish that a compensable work-related accident occurred and, further, that there was insufficient credible [*2]evidence to establish that timely notice of the injury was given to the employer. Claimant appeals.[FN1]
In order for an accidental injury to be compensable, it must "aris[e] out of and in the course of employment" (Workers' Compensation Law § 2 [7]; see Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d 1356, 1357 [2018]; Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018]). The statutory presumption of compensability contained in Workers' Compensation Law § 21 (1) "cannot be used to establish that an accident occurred in the first instance, nor does it wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1357 [internal quotation marks, brackets and citations omitted]; see Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321-1322 [2018]; Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 966 [2018]). "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1357 [internal quotation marks and citations omitted]).
Claimant testified that he injured his back about midday on September 13, 2016 while lifting planks, but was able to continue to work the full shift. Although claimant testified that he told his coworkers that he had injured himself, he was unable to remember who the coworkers were. Further, the employer submitted statements from seven employees who worked with claimant on the day in question, all of whom maintained that no incident occurred with claimant on that day. Claimant testified that he called his supervisor the following day and told him he would not be coming to work because he injured his back; however, he could not remember if he told his supervisor how the injury occurred. Despite seeking medical attention for his back injury two days after the alleged incident, it was not until March 2017 that his medical records reflect that claimant attributed the injury to the alleged work-related incident. In addition, on a workers' compensation questionnaire form, claimant gave incomplete, nonresponsive and contradictory answers regarding his medical treatment, medication and prior injuries.
Contrary to claimant's contention, "the Board is the sole arbiter of witness credibility and is not bound by the WCLJ's determinations in that regard" (Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1358 [internal quotation marks and citation omitted]; see Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d 1108, 1109 [2018], lv denied 33 NY3d 901 [2019]; Matter of Hughes v World Trade Ctr. Volunteer Fund, 166 AD3d 1279, 1281 [2018]). Giving deference to the Board's credibility assessment regarding claimant's evidence and testimony, we find that its decision that claimant failed to establish that an accident occurred is supported by substantial evidence and will not be disturbed (see Matter of Karam v Rensselaer County Sheriff's Dept., 167 AD3d at 1110-1111; Matter of Elias-Gomez v Balsam View Dairy Farm, 162 AD3d at 1358; Matter of Bagnato v General Elec., 156 AD3d 1268, 1269 [2018]; Matter of Neville v Jaber, 46 AD3d 1137, 1138 [2007]). We have reviewed claimant's remaining contentions, including that the Board improperly relied upon the statements from his coworkers, and find them to be without merit.
Garry, P.J., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We note that claimant's notice of appeal refers to an incorrect date of filing of the Board's decision. As there has been no claim of prejudice, we will disregard the error and address the merits of claimant's appeal (see CPLR 5520 [c]).