Matter of Sbuttoni v FOJP Serv. Corp. (2020 NY Slip Op 00189)





Matter of Sbuttoni v FOJP Serv. Corp.


2020 NY Slip Op 00189


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528152

[*1]In the Matter of the Claim of Joseph Sbuttoni, Appellant,
v
FOJP Service Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: December 18, 2019

Before: Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.


Law Offices of Joseph A. Romano, PC, New York City (Joseph A. Romano of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for FOJP Service Corporation and another, respondents.



Egan Jr., J.
Appeal from a decision of the Workers' Compensation Board, filed June 7, 2018, which ruled, among other things, that claimant did not sustain a causally-related injury to his right hip.
In September 2016, claimant was injured at work and applied for workers' compensation benefits, alleging injuries to his lower back and right hip. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for the back. The WCLJ later amended the claim to include the injury to the right hip. Upon review, the Workers' Compensation Board, among other things, rescinded the establishment of the claim for the right hip, and claimant appeals.
We affirm. "Whether a compensable accident has occurred presents a question of fact for resolution by the Board and its decision will be upheld when supported by substantial evidence" (Matter of Losardo v Baxter Healthcare Corp., 126 AD3d 1164, 1164 [2015] [citations omitted]); accord Matter of Hill v Shoprite Supermarkets Inc., 140 AD3d 1564, 1564 [2016]). Claimant presented the reports and testimony of Louis Rose, an orthopedic surgeon who first examined him 10 days after the incident at work. During the examination, Rose found that claimant suffered a sprain of the ligaments of his lumbar spine, but did not diagnose claimant as suffering an injury to his right hip. Rose did note in his initial report that claimant complained of pain from his back that was radiating to his hip. Rose later testified that he was of the opinion that claimant suffered a work-related injury to his hip in September 2016 because he had no history of a prior hip injury and it was rare for pain to radiate from a lower back injury to the hip area. Lisa Nason, an orthopedic surgeon who conducted an independent medical examination at the request of the employer, concluded that claimant suffered from a causally-related injury to the lumbar spine but found no injury to the right hip. Based on her examination, Nason concluded that claimant's complaints of right hip pain were not the result of an injury to that area but were "referred pain from the lumbar spine." According deference to the Board's resolution of conflicting medical evidence, its determination that claimant did not sustain a causally-related injury to his right hip is supported by substantial evidence and will not be disturbed (see Matter of Molette v New York City Tr. Auth., 166 AD3d 1278, 1278 [2018]; Matter of Schmerler v Longwood Sch. Dist., 163 AD3d 1373, 1374 [2018], lv denied 32 NY3d 910 [2018]).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.